IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JOSE LUIS CALVO-SAUCEDO,

Defendant.                                                                 No. 09 - CR - 30181 DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This matter comes before the Court on defendant Jose Luis Calvo-Saucedo's motion for reduction of sentence in light of amendments to 18 U.S.C. § 3582(c)(2) (Doc. 72). Defendant's pro se motion states that on "November 1, 2010, a new set of rules for the amendments will enter into effect . . . ," and he asks the Court to apply the amendments under § 3582(c)(2). He says the amendments make a greater range of sentencing options available to the court for certain crimes. Based on the following, the Court dismisses defendant's motion for lack of jurisdiction.

On November 13, 2009, police officers stopped defendant's vehicle and found him in possession of approximately 10 kilograms of cocaine hydrochloride.

Defendant was indicted and pled guilty to possession of a controlled substance with intent to distribute under 21 U.S.C. § 841(a)(1) and (b)(1)(A). On August 20, 2010, the Court sentenced defendant to 70 months in prison (Doc. 52). Defendant appealed, and the Seventh Circuit affirmed the Court's judgment on February 4, 2011 (Doc. 71).

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416, 433 (1996). Title 18 of the United States Code, section 3582, defines the circumstances under which district courts may modify sentences and otherwise *prohibits* district courts from doing so, unless "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

§ 3582(c)(2); *see United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the

first criterion, the Court has no subject-matter jurisdiction to consider the reduction. *United States v. Lawrence*, 535 F.3d 631, 637–38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009), *cert. denied sub nom McKnight v. United States*, 129 S. Ct. 1924 (2009).

The Court finds that defendant is not entitled to relief under § 3582(c)(2). None of the bases set forth in § 3582 for modification of a sentence applies here. Defendant's base offense level was set forth in U.S.S.G. § 2D1.1, which was amended by the Fair Sentencing Act of 2010. But the amendments do not lower defendant's guideline sentencing range, because they do not apply retroactively. *See* PROPOSED AMENDMENTS TO THE SENTENCING GUIDELINES (Jan. 19, 2011). Moreover, the amendments went into effect on November 1, 2010, after defendant's August 20, 2010, sentencing. And the Fair Sentencing Act does not apply retroactively. *See United States v. Bell*, 624 F.3d 803, 814 (7th Cir. 2010). Therefore defendant cannot satisfy the first criterion under § 3582(c)(2).

Defendant also wants the Court to consider his age; mental, emotional, and physical conditions; military experience; and cultural assimilation. But defendant is either using incorrect sections of the SENTENCING GUIDELINES or referring to proposed amendments not yet in effect. Again, defendant cannot satisfy the first criterion under § 3582(c)(2). Therefore, the Court is without jurisdiction to entertain defendant's motion and neither § 3582 nor the Fair Sentencing Act provides any basis for the requested modification of defendant's sentence.

Accordingly, the Court **DISMISSES for lack of jurisdiction** defendant's

motion for reduction of sentence in light of amendments to 18 U.S.C. § 3582(c)(2) (Doc. 72).

**IT IS SO ORDERED.**

Signed this 19th day of April, 2011.

Digitally signed by David R. Herndon
Date: 2011.04.19 14:32:06 -05'00'

**Chief Judge
United States District Court**